UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

JERRY DON JOHNSON,

        Plaintiff,               Case No. 2:20-cv-201

v.                                  Honorable Janet T. Neff

DANNY LESTER et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Schroeder.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. The

events about which he complains occurred at that facility.  Plaintiff sues LMF Warden Sarah Schroeder and Corrections Officers Danny Lester and Unknown Beaverson.

Plaintiff alleges that on the evening of May 3, 2020, at approximately 9 P.M., he asked Defendant Lester for a spoon to eat his Ramadan meal.  Lester allegedly responded, "[i]f you don't be a dick you might get a spoon."  (Compl., ECF No. 1, PageID.7.)  Plaintiff asked Lester for a grievance form, and Lester allegedly told Plaintiff in response, "[s]uck my dick."  (*Id.*)  Plaintiff filed a grievance reporting Lester's conduct.

Approximately five hours after the exchange between Plaintiff and Lester, Plaintiff learned that Lester had also reported him for sexual misconduct.  According to the Class I Misconduct Report, Lester alleged that Plaintiff said, "[h]ey C/O Lester, why don't [you] come over here, pop diss slot and suck diss dick."  (ECF No. 1-2, PageID.18.)  Plaintiff alleges that Lester fabricated the statement in retaliation for Plaintiff's plan to file a grievance against Lester.

On May 16, 2020, Defendant Beaverson rapped his wand on Plaintiff's cell door, waking him up.  When Plaintiff asked Beaverson to avoid making the loud disturbance in the future, Beaverson allegedly responded that Plaintiff was a rat, and that he would "have one of these prisoners stab [Plaintiff]."  (Compl., ECF No. 1, PageID.9.)  Plaintiff further alleges that Beaverson offered the prisoner in the neighboring cell that if he stabbed Plaintiff, he would be "t[a]ken care[] of."  (*Id.*)  Plaintiff filed a grievance reporting Beaverson's conduct, which was denied at Step 1. Plaintiff filed a Step 2 grievance with Schroeder, which she denied before Plaintiff sought further review.

Plaintiff contends that Lester and Beaverson retaliated against him in violation of the First Amendment and that Beaverson attempted to induce a prisoner to attack Plaintiff in violation of the Eighth Amendment.  Plaintiff further argues that Schroeder is liable under theory

of respondeat superior for any misconduct by Beaverson, and, apparently, that she should be prosecuted under Mich. Comp. Laws § 752.11. (Compl., ECF No. 1, PageID.12.) Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed

3

by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III. Respondeat Superior

Plaintiff fails to make specific factual allegations against Defendant Schroeder, other than his claim that she should be liable for Beaverson's conduct. He also may intend to suggest that Defendant Schroeder is liable for denying his grievance at Step II.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Schroeder engaged in any active unconstitutional behavior.

Likewise, Plaintiff cannot maintain a misdemeanor claim against Schroeder under Mich. Comp. Laws § 752.11. Plaintiff is essentially alleging that Schroeder violated his

4

constitutional rights because she failed to comply with her unspecified duty as a public official to enforce some unspecified law. However, a private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986). Simply put, Plaintiff cannot compel a criminal prosecution of Schroeder because private citizens, whether or not they are incarcerated, cannot compel a criminal prosecution of another. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Martin v. Koljonen*, No. 03-2169, 2004 WL 445720, at *1 (6th Cir. Mar. 9, 2004). Accordingly, Plaintiff fails to state a claim against Defendant Schroeder.

## IV.     Eighth Amendment

Plaintiff further alleges that Defendant Beaverson threatened Plaintiff and invited another prisoner to stab Plaintiff in violation of the Eighth Amendment.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Upon initial review, the Court concludes that Plaintiff's allegations are sufficient to state an Eighth Amendment claim against Defendant Beaverson.

## V.     First Amendment

Plaintiff alleges that Defendant Lester retaliated against him in violation of the First Amendment by filing a fabricated report of misconduct after Plaintiff requested a grievance form. Plaintiff further alleges that Defendant Beaverson retaliated against him when Beaverson appeared to seek out a prisoner who would stab Plaintiff.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Upon initial review, the Court concludes that Plaintiff's allegations are sufficient to state a First Amendment retaliation claim against Defendants Lester and Beaverson.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Schroeder will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's First Amendment retaliation claim against Defendants Lester and Beaverson and Plaintiff's Eighth Amendment claim against Beaverson remain in the case.

An order consistent with this opinion will be entered.


Dated: November 12, 2020  /s/ Janet T. Neff
Janet T. Neff
United States District Judge